**SO ORDERED.**

**SIGNED July 27, 2007.**

_____
**ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 06-51053 |
| | * | |
| SOUTHPARK COMMUNITY | * | CHAPTER 11 |
| HOSPITAL, L.L.C. | * | |
| Debtor | * | |

* * * * * * * * * * * * * *

**FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AND SOUTHPARK ACQUISITION, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF JULY 19, 2007, IMMATERIALLY MODIFIED AS OF JULY 19, 2007**

On the 19th day of July, 2007, there came on for hearing the confirmation of the plan jointly proposed by the debtor, Southpark Community Hospital, L.L.C. ("*Southpark*" or the "*Debtor*") and Southpark Acquisition Company, L.L.C., entitled AMENDED PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL,

1

L.L.C. AND SOUTHPARK ACQUISITION, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF JULY 19, 2007, the redline version of which, along with versions of new Exhibits G and H thereto, was entered on the docket as entry #270, (the ***"Joint Plan"***), was considered by the Court as the Plan before the Court for confirmation. The Joint Plan is an amended version of the AMENDED PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AND SOUTHPARK ACQUISITION, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF JUNE 22, 2007 (the "***June 22nd Plan***"), and as the Court sets forth below, the modifications within the Joint Plan are immaterial such that the Joint Plan is an immaterial modification of the June 22nd Plan. At hearing on confirmation of the Joint Plan (the "***Hearing***" or "***Confirmation Hearing***"), counsel for the Debtor advised the Court of a certain modification to Exhibit G to the Joint Plan, which was entered into evidence at the Hearing. The Joint Plan in its final non-redlined version, along with all exhibits thereto, including the new Exhibits G and H has been filed of record and is entered on the docket as entry #276, and shall be considered, along with the documents making up the Plan Supplement[1] which were introduced into evidence at the Confirmation Hearing (all collectively referred to herein as the "***Final Modified Joint Plan***" or "***Plan***") as the plan before the Court at the Confirmation Hearing.

At the Confirmation Hearing the Court considered:

(a) the terms of the Final Modified Joint Plan;

---

[1] Capitalized terms not otherwise defined herein shall have the same definition as contained within the Final Modified Joint Plan.

(b) the final non-redlined version of the AMENDED DISCLOSURE STATEMENT IN SUPPORT OF PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AND SOUTHPARK ACQUISITION, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF JUNE 22, 2007 entered on the docket as entry #246 (the "***Disclosure Statement***"), approved by the Court and duly transmitted to Holders of Claims and parties in interest in accordance with both (i) the ORDER AND NOTICE APPROVING DISCLOSURE STATEMENT, FIXING TIME FOR FILING ACCEPTANCES OR REJECTIONS OF PLAN, FIXING DATE FOR CONFIRMATION HEARING, AND REQUIRING TABULATION OF VOTING, entered on the docket as entry #238 (the "***Disclosure Statement Order***"), and

(c) the certificate of service having been filed in connection with (i) the Disclosure Statement Order, entered on the docket as entry #248, (the "***Certificate of Service***"), and the Court hereby concluding that the service as indicated by the Certificate of Service and such notice being hereby deemed sufficient such that no further notice is required under title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "***Bankruptcy Code***"), or the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), or the Local Rules of this Court;

(d) the objection to confirmation filed by the United States of America on behalf of the Internal Revenue Service, and entered on the docket as entry #264, which was withdrawn at the Confirmation Hearing by counsel for the United States, in open court;

(e) the amended objection to confirmation filed by Pacer Health Holdings of Lafayette, Inc. ("***Pacer***"), entered on the docket as entry #265, (the "***Pacer Objection***") and though

3

the Pacer Objection constituted the withdrawal of all but one component of the original objection of Pacer entered on the docket as entry #255, the Court as well analyzed the Final Modified Joint Plan within the context of issues raised within the original objection of Pacer;

(f) the voting tabulation entered on the docket as entry #268, which was also admitted into evidence at the Confirmation Hearing (the ballots underlying the voting tabulation are entered on the docket as entries # 277-279);

(h) the proffer of testimony of Kim Thayer and Irv Gregory in support of the Final Modified Joint Plan;

(i) the documents introduced into evidence at the Confirmation Hearing; and

(j) the arguments and representation of counsel adduced at the Confirmation Hearing.

Upon considering the foregoing, and for oral reasons assigned in open Court on July 19, 2007, the Court determined to confirm the Final Modified Joint Plan. The Court hereby issues these written FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AND SOUTHPARK ACQUISITION, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF JULY 19, 2007, IMMATERIALLY MODIFIED AS OF JULY 19, 2007 (the "*Findings and Conclusions*") to supplement the oral findings made in open court:

The Court finds and concludes as follows.

1. Notice and opportunity for hearing of the Joint Plan and the Final Modified Joint Plan has been given by Southpark to all creditors, equity security holders, the United States Trustee, and all parties to whom notice is required.

2. The notice procedures utilized by Southpark involved the transmission to all parties in interest of the Joint Plan with all exhibits thereto and the Disclosure Statement with all exhibits thereto by use of CD versions of the scanned documents, along with paper notice included in the notice packages of the disclosure Statement Order, the form of ballot and of the availability to any requesting party of a paper copy of the entirety of the notice package.

3. The Final Modified Joint Plan is an immaterial modification of the June 22nd Plan, and therefore, the votes of creditors for the June 22nd Plan constitute the votes of creditors for the Final Modified Joint Plan.

4. The Final Modified Joint Plan has been accepted in writing by the creditors whose acceptance is required by law.

5. The provisions of chapter 11 of the Bankruptcy Code have been complied with and the Final Modified Joint Plan has been proposed in good faith and not by any means forbidden by law.

6. Each Holder of a Claim has either accepted the Final Modified Joint Plan or will receive under the plan property of a value, as of the Effective Date of the Final Modified Joint Plan, that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated under chapter 7 of the Code on such date. Classes 2, 3, 4, 6, and 7 have voted to accept the Final Modified Joint Plan, and Class 1 is presumed to accept the Final Modified Joint Plan, as it is Unimpaired thereunder.

7. The Final Modified Joint Plan does not discriminate unfairly, and is fair and equitable, with respect to any Holder of any Claim or Equity Interest within any Class of Claims or Equity Interests that is impaired under, and has not accepted the Final Modified Joint Plan. There were no votes within Class 5, but the Court finds and concludes that the retention of any right to set off held by any Holder of an Allowed Class 5 Claim, would provide such Claimant with the indubitable equivalent of any such Secured Claim as required by section 1129 (b)(2)(A)(iii) of the Bankruptcy Code. Class 8 is presumed to reject the Final Modified Joint Plan, as the Equity Interests in Class 8 are extinguished by Confirmation. There is no discrimination in treatment afforded the Holders of Equity Interests in Class 8. In addition, no Class of Claims or Equity Interests junior to Class 8 is receiving any property on account of any such Claim or Equity Interest, and there is no Class of Claims or Equity Interests junior to Class 8. The provisions of section 1129 (b)(2)(B) and (C) of the Bankruptcy Code are complied with and satisfied.

8. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Final Modified Joint Plan or by any other person for services or for costs and expenses in, or in connection with the case or in connection with the Final Modified Joint Plan and incidental to this bankruptcy case is reasonable, have been fixed by the Court or will be fixed by the Court after Confirmation.

9. The identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting trustee, if any, of the Debtor, any affiliate of the Debtor participating in a joint plan with the Debtor, and any successor to the Debtor under the Final Modified Joint Plan, have been fully disclosed, and the appointment of

such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy.

10. The identity of any insider that will be employed or retained by the reorganized Debtor and his/her compensation has been fully disclosed.

11. Confirmation of the Final Modified Joint Plan is not likely to be followed by liquidation or need for further financial reorganization of the Debtor or any successor to the Debtor under the Final Modified Joint Plan.

12. The principal purpose of the Final Modified Joint Plan is to effectuate the reorganization of the Debtor under the Bankruptcy Code, and not the avoidance of taxes or the application of section 5 of the Securities Act of 1933.

13. The aggregate number of holders of New Southpark Holdings, L.L.C. Membership Units following the Effective Date will be less than 500, as the number of Secured Junior Claimants, as defined within the Final Joint Modified Plan, who will be the Holders of the New Southpark Holdings, L.L.C. Membership Units is equivalent to or less than the number of Guarantors (as defined within the Plan) under the acts of guaranty admitted into evidence at the Confirmation Hearing.

14. The issuance of the notes pursuant to the Final Modified Joint Plan shall be exempt from the requirements of the Trust Indenture Act of 1939, pursuant to, in accordance with, and to the extent provided in, Section 1145(d) of the Bankruptcy Code.

15. The New Southpark Holdings, L.L.C. Membership Units and the New Southpark Membership Units, to be issued under the Final Modified Joint Plan in accordance with the treatment of the Class 4 Claims are exempt from registration under the Securities Act of 1933 pursuant to section 1145 of the Bankruptcy Code, except to the

extent that Holders of the New Southpark Holdings, L.L.C. Membership Units and/or the New Southpark Membership Units are "underwriters," as that term is defined in section 1145 of the Bankruptcy Code.

16. The Final Modified Joint Plan provides appropriate methods of the vesting of the Causes of Action in Reorganized Southpark, and the vesting of all other property of the Estate in Reorganized Southpark for purposes of effectuating the terms of the Plan, as applicable.

17. The documents comprising the Plan Supplement are necessary and appropriate to effect the provisions of the Final Modified Joint Plan and Confirmation of the Final Modified Joint Plan shall in all respects constitute approval of the Plan Supplement.

18. Southpark and Reorganized Southpark are authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, and other agreements or documents created in connection with the Final Modified Joint Plan and comprising the Plan Supplement.

19. Reorganized Southpark is authorized to issue the New Southpark Membership Units to New Southpark Holdings, L.L.C., and New Southpark Holdings, L.L.C. is authorized to issue the New Southpark Holdings, L.L.C. Membership Units in accordance with the Final Modified Joint Plan, without further approvals by the Bankruptcy Court.

20. Any claim, right, cause, or cause of action of Southpark or Reorganized Southpark that (i) is waived or deemed waived pursuant to the Final Modified Joint Plan or pursuant to the Disclosure Statement or (ii) is against any Person

or Entity listed on Exhibit E to the Disclosure Statement, shall have been waived and released upon the Effective Date, subject to the reservations or right and avoidance power set forth in Article VIII Section F.3. of the Plan..

21. The provisions of the Final Modified Joint Plan relating to Discharge of Debtor (Article X.A.), Injunction (Article X.B.), Exculpations (Article X.C.), Indemnification Obligations (Article X.D.), Limited Release (Article X.E.), Releases by Consenting Parties (Article X.F.) and Subordination (Article X.G.) are necessary to the possibility of success of the reorganization proposed by the Final Modified Joint Plan, have been bargained for and obtained through appropriate notice, consideration given, and are necessary in light of the proceedings that have been promulgated in the Southpark Chapter 11 Case, and have been approved by the accepting votes of the holders of claims or equity interests and by the acceptance by the Classes that have voted to Accept the Final Modified Joint Plan and/or the holders of a claims or equity interests who have not voted to reject the Final Modified Joint Plan, and finally do not effect an expansion of the scope of the discharge afforded under section 1141 of the Bankruptcy code that is contrary to law or that improperly affects the rights of third parties against third parties.

22. The requirements of Rule 3017(f) of the Bankruptcy Rules have been met by the Final Modified Joint Plan and the notice thereof provided pursuant to the and as evidenced by the Certificate of Service.

23. The Pacer Objection was overruled and denied, for reasons orally set forth by the Court in open court at the Confirmation hearing, upon the arguments of counsel for the Debtor and Pacer adduced at the Confirmation Hearing. The Court finds

and concludes that the language of the Plan does not create an improperly expanded scope of discharge, that releases given are to be given by consent, either through affirmative acceptance of the Plan or by the decision not to reject the Plan, and that the Plan does not provide that a consensual release can be forced upon a rejecting creditor by that creditor being a member of an accepting class.

24. The Court expressly finds that (i) neither the Real Estate Purchaser, the Hospital Operations Assets Purchaser, SHG nor SHG Holdings shall be a continuation of or successor to Southpark, Reorganized Southpark, or the Southpark Estate, (ii) that there shall be no continuity of enterprise between Southpark and Reorganized Southpark on the one hand and/or the Real Estate Purchaser, the Hospital Operations Assets Purchaser, SHG, or SHG Holdings on the other hand, (iii) that neither the Real Estate Purchaser, the Hospital Operations Assets Purchaser, SHG nor SHG Holdings shall be a successor to or of Southpark or Reorganized Southpark, and (iv) Confirmation shall not constitute or cause or amount to a consolidation, merger, or de facto merger of the Real Estate Purchaser, the Hospital Operations Assets Purchaser, SHG, and/or SHG Holdings with Southpark and/or Reorganized Southpark and/or the Southpark Estate.

25. The Court finds that the Real Estate Assets Purchase Agreement and the Hospital Operations Assets Purchase Agreement were negotiated at arms length, in good faith, and in a manner consistent with the duties of a debtor in possession under section 1107 of the Bankruptcy Code.

26. The Court finds that (i) Reorganized Southpark shall assume all rights and obligations under the Real Estate Assets Purchase Agreement and the Hospital

10

Operations Assets Purchase Agreement; (ii) Reorganized Southpark shall have full and final authority to act as seller of the Real Estate Assets and the Hospital Operations Assets, by and through acts of sale as may be necessary, such acts of sale to be executed by Kim Thayer as authorized representative of Reorganized Southpark or by such other person as may be specifically designated by the Bankruptcy Court through the Confirmation Order; (iii) the transfer of the Real Estate Assets and Hospital Operations Assets (a) shall be pursuant to the Plan, (b) shall be legal, valid and effective transfers, (c) shall vest the purchasers with all right, title, and interest of the Southpark Estate, and (d) shall be free and clear of all Liens, except that the Senior Secured Equipment Collateral shall continue to secure payment of the Senior Secured Equipment Note, and the Siemens Collateral shall continue to secure payment of the Siemens Claim; (iv) each and every federal, state and local governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Plan, including without limitation, documents and instruments to be filed in or with (a) any governmental agency or department in order to effect or evidence the transfer of the Real Estate Assets and Hospital Operations Assets and (b) any county, parish or state office wherein termination statements under the Uniform Commercial Code and releases of Liens are authorized to be filed; (v) any clerk in any location where the recordation of Claims or Liens in, to or upon the Real Estate Assets and Hospital Operations Assets is authorized and directed to cancel and remove from the public record any Lien,[2] Claim, or other interest, encumbrance, demand, suit, action and any other

---

[2] "Liens" is defined in the Plan as follows: "**Lien or Liens**" means mortgages, security interests, privileges, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, taxes, including without limitation, property taxes, sales, use and ad valorem taxes, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction

judicial administrative proceeding or investigation affecting the Real Estate Assets and Hospital Operations Assets, except as expressly provided under the Plan; (vi) all transactions and instruments contemplated under the terms of the Plan shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Debtor, a Trustee, Creditors of the Debtor or the Debtor's bankruptcy estate, and/or any other parties in interest, and any successors of the Debtor including any subsequent trustee appointed in any subsequent or converted case of Southpark under Chapter 7 or Chapter 11 of the Bankruptcy Code; (vii) Southpark, Reorganized Southpark, Southpark Acquisition and the Real Estate Purchaser are entitled to the full range of protections provided by section 363(m) of the Bankruptcy Code; and (viii) it is proper that the Confirmation Order to be issued upon these Findings and Conclusions, which shall as well be an order issued under section 363 of the Bankruptcy Code, (a) be immediately executory upon entry on the docket of the record of this case, (b) shall constitute authorization to effect the sale of the Real Estate Assets and Hospital Operations Assets immediately upon passing of the Effective Date, and (c) shall order that the ten (10) day stay provided for by Rule 6004(g) of the Bankruptcy Rules shall be abrogated and waived by entry of the Confirmation Order.

27. By Closing, the Real Estate Assets shall be sold to the Real Estate Purchaser, free and clear of any and all Liens, with warranty of title provided by Southpark, only, and with full rights of substitution and subrogation to the rights of

---

on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, debts arising in any way in connection with any acts of the Debtor, Claims, obligations, demands, guaranties, options, rights, contractual commitments, executory contracts, unexpired leases, employment agreements, restrictions, rights of lesion beyond moiety, tort claims, product liability claims, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of the Southpark Chapter 11 Case, and whether imposed by agreement, understanding, law, equity or otherwise.

Southpark, for the Real Estate Purchase Price, payable at Closing.  By these Findings and Conclusions the Court approves the Real Estate Assets Purchase Agreement made a part of the Final Joint Modified Plan as Exhibit H, providing for the sale of the Real Estate Assets from Reorganized Southpark to Southern Companies, Inc., a Mississippi corporation.

28.     The Debtor is authorized to execute the Real Estate Assets Purchase Agreement made a part of the Final Joint Modified Plan as Exhibit H, providing for the sale of the Real Estate Assets from Reorganized Southpark to Southern Companies, Inc., a Mississippi corporation.

29.     By Closing, the Hospital Operations Assets shall be sold to the Hospital Operations Assets Purchaser, free and clear of any and all Liens, with warranty of title provided by Southpark, only, and with full rights of substitution and subrogation to the rights of Southpark, for the Hospital Operations Assets Purchase Price, payable at Closing.  By these Findings and Conclusions the Court approves the Hospital Operations Assets Purchase Agreement made a part of the Final Joint Modified Plan as Exhibit G, providing for the sale of the Hospital Operations Assets from Reorganized Southpark to Southpark Acquisition Company, L.L.C., a Louisiana Limited Liability Company.

30.     All other requirements of sections 1122 and 1129 have been met by Southpark, and the Final Modified Joint Plan shall be confirmed by separate order of this Court.

31.     The Court has heard proffered testimony and has adduced documentary evidence supporting Confirmation of the Final Modified Joint Plan, and has expressly authorized the submission of these Findings and Conclusions by the counsel for

the Debtor. The Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court as Findings and Conclusions that supplement the Final Modified Joint Plan and underlie, along with the oral reasons for confirmation issued in open court at the close of the Confirmation Hearing, the Confirmation Order to be issued herewith.

32. Cause exists to abrogate the stay of the effect of the Confirmation Order in accordance with Bankruptcy Rule 3020(e), as it is in the best interests of the estate and the creditors of the estate that the transactions provided for within the Plan be implemented immediately.

# # # #

**Respectfully Submitted,**

**GORDON, ARATA, McCOLLAM,
DUPLANTIS & EAGAN, L.L.P.**
301 Main Street, Suite 1600
Baton Rouge, LA 70825
Phone (225) 381-9643
Fax (225) 336-9763

By: /s/ Louis M. Phillips
**Louis M. Phillips (#10505)
Brandon A. Brown (#25592)
Ashley S. Green (#29217)**
*Counsel for Southpark Community
Hospital, L.L.C.*