**SO ORDERED.**

**SIGNED September 13, 2007.**

_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| IN RE: | * | CASE NO.: 06-51053 |
|---|---|---|
| | * | |
| SOUTHPARK COMMUNITY | * | CHAPTER 11 |
| HOSPITAL, L.L.C. | * | |
| Debtor | * | |

* * * * * * * * * * * * * *

**FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AND SOUTHPARK ACQUISITION COMPANY, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF AUGUST 23, 2007**

On the 11th day of September, 2007, there came on for hearing the confirmation of the plan jointly proposed by the debtor, Southpark Community Hospital, L.L.C. ("*Southpark*" or the "*Debtor*") and Southpark Acquisition Company, L.L.C., entitled AMENDED PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL,

1

L.L.C. AND SOUTHPARK ACQUISITION COMPANY, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF AUGUST 23, 2007 (the *"Amended Joint Plan"*), filed August 23, 2007 and entered on the docket as docket entry 381. The Amended Joint Plan is an amended version of the AMENDED PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AND SOUTHPARK ACQUISITION, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF JULY 19, 2007 (the "*Joint Plan*"), which was confirmed by Order of this Court issued July 27, 2007 and entered as docket entry 286. As the Court sets forth below, the modifications within the Amended Joint Plan are immaterial such that the Amended Joint Plan is an immaterial modification of the Joint Plan with respect to the treatment afforded all Creditors[1] except for the Holders of Claims in Classes 4 and 8 as described within the Amended Joint Plan.

At the Confirmation Hearing the Court considered:

(a) the terms of the Amended Joint Plan;

(b) the SUPPLEMENTAL DISCLOSURE STATEMENT IN SUPPORT OF AMENDED PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AND SOUTHPARK ACQUISITION COMPANY, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF AUGUST 23, 2007, entered on the docket as docket entry 382 (the "*Supplemental Disclosure Statement*"), approved by the Court and duly transmitted to Holders of Claims and

---

[1] Capitalized terms not otherwise defined herein shall have the same definition as contained within the Final Modified Joint Plan.

parties in interest in accordance with the ORDER APPROVING SUPPLEMENTAL DISCLOSURE STATEMENT, FIXING TIME FOR FILING REJECTIONS OF PLAN, AND FIXING A DATE FOR CONFIRMATION OF THE PLAN, entered on the docket as entry #394 (the "***Disclosure Statement Order***"), and

(ii) the certificates of service having been filed in connection with the Disclosure Statement Order, entered on the docket as docket entries #396 and 397 (the "***Certificates of Service***"), and the Court hereby concluding that the service as indicated by the Certificates of Service and such notice being hereby deemed sufficient such that no further notice is required under title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "***Bankruptcy Code***"), or the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), or the Local Rules of this Court;

(d) the CERTIFICATION OF NO BALLOTS CONCERNING THE AMENDED PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AND SOUTHPARK ACQUISITION COMPANY, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF AUGUST 23, 2007, entered on the docket as docket entry 403, evidencing that no rejections of the Amended Joint Plan were received in response to the Disclosure Statement Order and the form of ballot attached thereto;

(e) the absence of objection to Confirmation of the Amended Joint Plan;

(f) the proffer of testimony of Kim Thayer in support of the Amended Joint Plan;

(g) the documents introduced into evidence at the Confirmation Hearing; and

(h) the arguments and representation of counsel adduced at the Confirmation Hearing.

Upon considering the foregoing, and for oral reasons assigned in open Court on September 11, 2007, the Court determined to confirm the Amended Joint Plan. The Court hereby issues these written <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AND SOUTHPARK ACQUISITION COMPANY, L.L.C., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF AUGUST 23, 2007</u> (the "*Findings and Conclusions*") to supplement the oral findings made in open court:

The Court finds and concludes as follows.

1. Notice of and opportunity for hearing upon the Amended Joint Plan has been given by Southpark to: (i) all Holders of Claims within Classes 1, 2, 3, 4, and 8; (ii) the Holders of Claims in Classes 6 and 7 who previously cast ballots in connection with the Joint Plan; (iii) the United States Trustee; (the parties who filed objections to the Joint Plan; and (iv) all parties in interest designated upon the limited matrix approved by the Court.

2. The notice procedures utilized by Southpark involved the transmission to all parties in interest of the Amended Joint Plan with all exhibits thereto and the Supplemental Disclosure Statement with all exhibits thereto by use of CD versions of the scanned documents, along with paper notice included in the notice packages of the Disclosure Statement Order, the form of ballot (to the Holders of Claims in classes 4 and 8) and of the availability to any requesting party of a paper copy of the entirety of the notice package.

4

3. The Amended Joint Plan (i) is properly before the court as a post confirmation modification of the Joint Plan as the Joint Plan has not been substantially consummated, and (ii) is an immaterial modification of the Joint Plan, and therefore, the votes of creditors for the Joint Plan constitute the votes of creditors for the Amended Joint Plan, as (a) the solicitation transmitted to the Holders of Claims in Classes 4 and 8 resulted in no rejections of the Amended Joint Plan and (b) all such Holders who previously cast votes upon the Joint Plan voted to accept the Joint Plan.

4. The Amended Joint Plan has been accepted in writing by the creditors whose acceptance is required by law.

5. The provisions of chapter 11 of the Bankruptcy Code have been complied with and the Amended Joint Plan has been proposed in good faith and not by any means forbidden by law.

6. Each Holder of a Claim has either accepted the Amended Joint Plan or will receive under the plan property of a value, as of the Effective Date of the Amended Joint Plan, that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated under chapter 7 of the Code on such date. Classes 2, 3, 4, 6, 7 and 8 have voted to accept the Amended Joint Plan, and Class 1 is presumed to accept the Amended Joint Plan, as it is Unimpaired thereunder.

7. The Amended Joint Plan does not discriminate unfairly, and is fair and equitable, with respect to any Holder of any Claim or Equity Interest within any Class of Claims or Equity Interests that is Impaired under, and has not accepted the Amended Joint Plan. There were no votes within Class 5, but the Court finds and concludes that the retention of any right to set off held by any Holder of an Allowed

5

Class 5 Claim, would provide such Claimant with the indubitable equivalent of any such Secured Claim as required by section 1129 (b)(2)(A)(iii) of the Bankruptcy Code. Class 9 is presumed to reject the Amended Joint Plan, as the Equity Interests in Class 9 are extinguished by Confirmation. There is no discrimination in treatment afforded the Holders of Equity Interests in Class 9. In addition, no Class of Claims or Equity Interests junior to Class 9 is receiving any property on account of any such Claim or Equity Interest, and there is no Class of Claims or Equity Interests junior to Class 9. The provisions of section 1129 (b)(2)(B) and (C) of the Bankruptcy Code are complied with and satisfied.

8. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Amended Joint Plan or by any other person for services or for costs and expenses in, or in connection with the case or in connection with the Amended Joint Plan and incidental to this bankruptcy case is reasonable, have been fixed by the Court or will be fixed by the Court after Confirmation.

9. The identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting trustee, if any, of the Debtor, any affiliate of the Debtor participating in a joint plan with the Debtor, and any successor to the Debtor under the Amended Joint Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy.

10. The identity of any insider that will be employed or retained by the reorganized Debtor and his/her compensation has been fully disclosed.

11. Confirmation of the Amended Joint Plan is not likely to be followed by liquidation or need for further financial reorganization of the Debtor or any successor to the Debtor under the Amended Joint Plan.

12. The principal purpose of the Amended Joint Plan is to effectuate the reorganization of the Debtor under the Bankruptcy Code, and not the avoidance of taxes or the application of section 5 of the Securities Act of 1933.

13. The aggregate number of holders of New Southpark Holdings, L.L.C. Membership Units following the Effective Date will be less than 500, as the number of Secured Junior Claimants, as defined within the Final Joint Modified Plan, who will be the Holders of the New Southpark Holdings, L.L.C. Membership Units is equivalent to or less than the number of Guarantors (as defined within the Plan) under the acts of guaranty admitted into evidence at the hearing on Confirmation of the Joint Plan.

14. The issuance of the notes pursuant to the Amended Joint Plan shall be exempt from the requirements of the Trust Indenture Act of 1939, pursuant to, in accordance with, and to the extent provided in, Section 1145(d) of the Bankruptcy Code.

15. The New Southpark Holdings, L.L.C. Membership Units and the New Southpark Membership Units, to be issued under the Amended Joint Plan in accordance with the treatment of the Class 4 and Class 8 Claims are exempt from registration under the Securities Act of 1933 pursuant to section 1145 of the Bankruptcy Code, except to the extent that Holders of the New Southpark Holdings, L.L.C. Membership Units and/or the New Southpark Membership Units are "underwriters," as that term is defined in section 1145 of the Bankruptcy Code.

16. The Amended Joint Plan provides appropriate methods of the vesting of the Causes of Action in Reorganized Southpark, and the vesting of all other property of the Estate in Reorganized Southpark for purposes of effectuating the terms of the Plan, as applicable.

17. The documents comprising the Plan Supplement are necessary and appropriate to effect the provisions of the Amended Joint Plan and Confirmation of the Amended Joint Plan shall in all respects constitute approval of the Plan Supplement.

18. Southpark and Reorganized Southpark are authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, and other agreements or documents created in connection with the Amended Joint Plan and comprising the Plan Supplement.

19. Reorganized Southpark is authorized to issue the New Southpark Membership Units to New Southpark Holdings, L.L.C., and New Southpark Holdings, L.L.C. is authorized to issue the New Southpark Holdings, L.L.C. Membership Units in accordance with the Amended Joint Plan, without further approvals by the Bankruptcy Court.

20. Any claim, right, cause, or cause of action of Southpark or Reorganized Southpark that (i) is waived or deemed waived pursuant to the Amended Joint Plan or pursuant to the Disclosure Statement or (ii) is against any Person or Entity listed on Exhibit E to the <u>AMENDED DISCLOSURE STATEMENT IN SUPPORT OF PLAN OF REORGANIZATION OF SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AS PROPOSED BY SOUTHPARK COMMUNITY HOSPITAL, L.L.C. AND SOUTHPARK ACQUISITION, L.L.C., UNDER CHAPTER 11 OF THE UNITED</u>

STATES BANKRUPTCY CODE DATED AS OF JUNE 22, 2007, approved by Order entered on June 22, 2007 as docket entry 238, shall have been waived and released upon the Effective Date, subject to the reservations or right and avoidance power set forth in Article VIII Section F.3. of the Amended Joint Plan..

21. The provisions of the Amended Joint Plan relating to Discharge of Debtor (Article X.A.), Injunction (Article X.B.), Exculpations (Article X.C.), Indemnification Obligations (Article X.D.), Limited Release (Article X.E.), Releases by Consenting Parties (Article X.F.) and Subordination (Article X.G.) are necessary to the possibility of success of the reorganization proposed by the Amended Joint Plan, have been bargained for and obtained through appropriate notice, consideration given, and are necessary in light of the proceedings that have been promulgated in the Southpark Chapter 11 Case, and have been approved by the accepting votes of the holders of claims or equity interests and by the acceptance by the Classes that have voted to Accept the Amended Joint Plan and/or the holders of a claims or equity interests who have not voted to reject the Amended Joint Plan, and finally do not effect an expansion of the scope of the discharge afforded under section 1141 of the Bankruptcy code that is contrary to law or that improperly affects the rights of third parties against third parties.

22. The requirements of Rule 3017(f) of the Bankruptcy Rules have been met by the Amended Joint Plan and the notice thereof provided pursuant to the and as evidenced by the Certificates of Service.

23. The Court expressly finds that (i) neither the Hospital Operations Assets Purchaser, SHG nor SHG Holdings shall be a continuation of or successor to Southpark, Reorganized Southpark, or the Southpark Estate, (ii) that there shall be no

9

06-51053 - #410  File 09/13/07  Enter 09/13/07 12:07:54  Main Document  Pg 9 of 13

continuity of enterprise between Southpark and Reorganized Southpark on the one hand and/or the Hospital Operations Assets Purchaser, SHG, or SHG Holdings on the other hand, (iii) that neither the Hospital Operations Assets Purchaser, SHG nor SHG Holdings shall be a successor to or of Southpark or Reorganized Southpark, and (iv) Confirmation shall not constitute or cause or amount to a consolidation, merger, or de facto merger of the Hospital Operations Assets Purchaser, SHG, and/or SHG Holdings with Southpark and/or Reorganized Southpark and/or the Southpark Estate.

24. The Court finds that the Hospital Operations Assets Purchase Agreement was negotiated at arms length, in good faith, and in a manner consistent with the duties of a debtor in possession under section 1107 of the Bankruptcy Code.

25. The Court finds that (i) Reorganized Southpark shall assume all rights and obligations under the Hospital Operations Assets Purchase Agreement; (ii) Reorganized Southpark shall have full and final authority to act as seller of the Hospital Operations Assets, by and through acts of sale as may be necessary, such acts of sale to be executed by Kim Thayer as authorized representative of Reorganized Southpark or by such other person as may be specifically designated by the Bankruptcy Court through the Confirmation Order; (iii) the transfer of the Hospital Operations Assets (a) shall be pursuant to the Plan, (b) shall be legal, valid and effective transfers, (c) shall vest the purchasers with all right, title, and interest of the Southpark Estate, and (d) shall be free and clear of all Liens, except that the Senior Secured Equipment Collateral shall continue to secure payment of the Senior Secured Equipment Note, and the Siemens Collateral shall continue to secure payment of the Siemens Claim; (iv) each and every federal, state and local governmental agency or department is directed to accept any and all documents

and instruments necessary and appropriate to consummate the transactions contemplated by the Plan, including without limitation, documents and instruments to be filed in or with (a) any governmental agency or department in order to effect or evidence the transfer of the Hospital Operations Assets and (b) any county, parish or state office wherein termination statements under the Uniform Commercial Code and releases of Liens are authorized to be filed; (v) any clerk in any location where the recordation of Claims or Liens in, to or upon the Hospital Operations Assets is authorized and directed to cancel and remove from the public record any Lien,[2] Claim, or other interest, encumbrance, demand, suit, action and any other judicial administrative proceeding or investigation affecting the Hospital Operations Assets, except as expressly provided under the Plan; (vi) all transactions and instruments contemplated under the terms of the Plan shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Debtor, a Trustee, Creditors of the Debtor or the Debtor's bankruptcy estate, and/or any other parties in interest, and any successors of the Debtor including any subsequent trustee appointed in any subsequent or converted case of Southpark under Chapter 7 or Chapter 11 of the Bankruptcy Code; (vii) Southpark, Reorganized Southpark, and Southpark Acquisition are entitled to the full range of protections provided by section 363(m) of the Bankruptcy Code; and (viii) it is proper

---

[2] "Liens" is defined in the Plan as follows: "**Lien or Liens**" means mortgages, security interests, privileges, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, taxes, including without limitation, property taxes, sales, use and ad valorem taxes, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, debts arising in any way in connection with any acts of the Debtor, Claims, obligations, demands, guaranties, options, rights, contractual commitments, executory contracts, unexpired leases, employment agreements, restrictions, rights of lesion beyond moiety, tort claims, product liability claims, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of the Southpark Chapter 11 Case, and whether imposed by agreement, understanding, law, equity or otherwise.

11

that the Confirmation Order to be issued upon these Findings and Conclusions, which shall as well be an order issued under section 363 of the Bankruptcy Code, (a) be immediately executory upon entry on the docket of the record of this case, (b) shall constitute authorization to effect the sale of the Hospital Operations Assets immediately upon passing of the Effective Date, and (c) shall order that the ten (10) day stay provided for by Rule 6004(g) of the Bankruptcy Rules shall be abrogated and waived by entry of the Confirmation Order.

26. By Closing, the Hospital Operations Assets shall be sold to the Hospital Operations Assets Purchaser, free and clear of any and all Liens, with warranty of title provided by Southpark, only, and with full rights of substitution and subrogation to the rights of Southpark, for the Hospital Operations Assets Purchase Price, payable at Closing. By these Findings and Conclusions the Court approves the Hospital Operations Assets Purchase Agreement made a part of the Amended Joint Plan as Exhibit E, providing for the sale of the Hospital Operations Assets from Reorganized Southpark to Southpark Acquisition Company, L.L.C., a Louisiana Limited Liability Company.

27. All other requirements of sections 1122 and 1129 have been met by Southpark, and the Amended Joint Plan shall be confirmed by separate order of this Court.

28. The Court has heard proffered testimony and has adduced documentary evidence supporting Confirmation of the Amended Joint Plan, and has expressly authorized the submission of these Findings and Conclusions by the counsel for the Debtor. The Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court as Findings and

Conclusions that supplement the Amended Joint Plan and underlie, along with the oral reasons for confirmation issued in open court at the close of the Confirmation Hearing, the Confirmation Order to be issued herewith.

29. Cause exists to abrogate the stay of the effect of the Confirmation Order in accordance with Bankruptcy Rule 3020(e), as it is in the best interests of the estate and the creditors of the estate that the transactions provided for within the Plan be implemented immediately.

# # # #

**Respectfully Submitted,**

**GORDON, ARATA, McCOLLAM,
 DUPLANTIS & EAGAN, L.L.P.**
301 Main Street, Suite 1600
Baton Rouge, LA 70825
Phone (225) 381-9643
Fax (225) 336-9763

By: /s/ Louis M. Phillips
    **Louis M. Phillips (#10505)**
    **Brandon A. Brown (#25592)**
    **Ashley S. Green (#29217)**
*Counsel for Southpark Community
Hospital, L.L.C.*